IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GARFIELD DAVIS,**

                    **Petitioner,**

      **v.**                                        **CASE NO. 07-3013-SAC**

**WAYNDOTTE COUNTY DISTRICT COURT, et al.,**

                    **Respondents.**

**O R D E R**

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254. The court has reviewed petitioner's limited financial resources and grants petitioner's motion for leave to proceed in forma pauperis in this habeas action.

Petitioner states he is confined pending prosecution on one or more state criminal charges. Petitioner claims the pending criminal proceedings is illegal and impermissibly motivated by petitioner's race. Petitioner seeks his release, injunctive relief to protect him from further discriminatory prosecution, and dismissal of all charges.

Section 2254 authorizes this court to "entertain an application for a writ of habeas corpus *in behalf of a person in custody pursuant to the judgment of a State court*, only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a)(emphasis added). Comity requires that every claim presented for habeas

review under § 2254 have been presented to one complete round of the procedure established by the state for review of alleged constitutional error. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). *See also* 28 U.S.C. § 2254(b)(1)(application for writ of habeas corpus on behalf of person in custody pursuant to state court judgment is not to be granted unless it appears the applicant has exhausted state court remedies, or that such remedies are unavailable or ineffective under the circumstances).

In the present case, petitioner is confined pursuant to an arrest warrant rather than a state court judgment, and seeks prejudgment habeas relief in a pending state criminal action. The court thus liberally construes the petition as filed under 28 U.S.C. § 2241. Exhaustion of state court remedies is still required. *See generally* Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(absent a demonstration of futility, a habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

Because it appears from the face of the petition that petitioner has not yet fully pursued relief available in the state courts, the court directs petitioner to show cause why the petition should not be dismissed without prejudice to allow petitioner to do so. The failure to file a timely response may result in the dismissal of the petition without prejudice, and without further

prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis is granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 26th day of January 2007 at Topeka, Kansas.

_s/ Sam A. Crow_
SAM A. CROW
U.S. Senior District Judge